IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-02293-EWN-OES

ELIZABETH STEINER,

Plaintiff(s),

v.

CONCENTRA INC.
a.k.a. CONCENTRA
a.k.a. CONCENTRA MEDICAL CENTERS, et al.,

Defendant(s).

ORDER STRIKING PLAINTIFF'S
SECOND AMENDED COMPLAINT

ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  September 23, 2005

    Plaintiff was ordered by District Judge Edward W. Nottingham on September 16, 2004, to file an amended complaint.  In his order, Judge Nottingham instructed plaintiff to file an amended complaint that eliminated the claims and defendants that had been dismissed from her initial complaint, and to state her claim for age discrimination against Concentra.

    Plaintiff did not comply with this order at that time.  Instead, she spent at least a part of the ensuing year attempting to appeal Judge Nottingham's order to the Court of Appeals.  Her effort was unsuccessful.

    On June 29, 2005, Judge Nottingham denied plaintiff's confusing attempt to seek reconsideration of his order of September 16, 2004.  For the second time, he directed plaintiff to file an amended complaint that conformed with his directions.

    On July 11, 2005, plaintiff filed a pleading that is entitled "Second Amended complaint per Judge's June 29, 2005 Order."  However, in her pleading, in direct contradiction to the order and directive given to her twice by Judge Nottingham, plaintiff

again filed a complaint that contained again named most of the defendants who had been dismissed out of her case (*see* Second Am. Compl. At 10-12), and, and most of the claims that had been dismissed.

Defendant Concentra filed a Motion to Dismiss or Strike Plaintiff's Amended Complaint. I conducted a hearing on that motion on September 22, 2005.

For the reasons stated on the record during the hearing of September 22, 2005, I entered the following orders:

1. Concentra's Motion to Dismiss or Strike Plaintiff's Amended Complaint [Doc. 100, filed July 25, 2005l] was GRANTED, and plaintiff's "Second Amended Complaint per Judge's June 29, 2005 Order" was STRICKEN.

2. Plaintiff shall be given one last opportunity to file an amended complaint that complies with the directives of this court. *Plaintiff has been warned* that if she files a complaint that does not comply with these directives, her case will be dismissed as a sanction for her failure or refusal to follow the directives and orders of the court.

3. After hearing remarks from counsel for defendant, I have determined that plaintiff shall be permitted to file two claims for relief, wrongful discharge in violation of public policy and age discrimination pursuant to the ADEA. Plaintiff shall state her claims *only* against Concentra, and may attempt to add parties only by filing a motion that asks for leave to add a defendant. She shall be permitted to add a defendant only upon a showing of good cause.

3. Plaintiff has been instructed to file a third amended complaint that complies with the provisions of Fed.R.Civ.P. 8(a), that is, she shall submit an amended complaint that contains "a short and plain statement" of each of her claims, and only a short and plain statement of her claims. Plaintiff was instructed that her Second Amended Complaint was in violation of Rule 8, because at 35 pages it was too long, and because she attached numerous exhibits, apparently as evidentiary support for her claims.

Plaintiff shall file no exhibits with her complaint, with the possible single exception of a notice of right-to-sue that she may have received either from the EEOC or the CCRD.

## CONCLUSION

It is therefore ORDERED that defendant Concentra's Motion to Dismiss or Strike Plaintiff's Second Amended Complaint [Doc. 100, filed July 25, 2005] is GRANTED, and plaintiff is directed to comply with the above instructions in regard to the filing of a third amended complaint.

Dated at Denver, Colorado, this day of:  September 23, 2005

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge